## CIRCUIT COURT OF ARLINGTON COUNTY

Bunn

v.

Bunn

June 3, 1982

Case No. (Chancery) 31389

By JUDGE CHARLES H. DUFF

I have carefully considered the question of the right to a jury trial on the cross-affidavits for contempt filed herein. It is my conclusion that under the circumstances, neither party is entitled, as of right, to a jury.

The law distinguishes between criminal and civil contempt and also between direct and constructive contempt. Without detailing the various theories presented in the authorities, this clearly appears to me to be a charge of civil and also constructive contempt. The purpose is to require compliance with the Court orders regarding visitation. The alleged acts constituting contempt did not occur in the presence of the Court nor did they have the immediate effect of obstructing or interrupting the administration of justice. Thus, Section 18.2-457, Code of Virginia, would have no applicability.

The cases of *Codispoti v. Pennsylvania*, 418 U.S. 506 (1974), and *Bloom v. Illinois*, 391 U.S. 194 (1968), both involved instances of criminal contempt which occurred in the courtroom or had the effect of interrupting the administration of justice. The primary issue involved was whether the defendants were entitled to a jury trial. This in turn depended upon whether the sanctions involved more than six months incarceration. In *Codispoti* it was

held improper not to consider the aggregate of various contempt citations in determining whether six-month limit had been exceeded. Nowhere in the decisions, however, is any reference made to the right to a jury trial for purely civil contempt.

Nor does the present situation involve an issue out of Chancery. In a suit in equity, the Court may, on its own motion or on motion of any party, supported by an affidavit that the case will be rendered doubtful by conflicting evidence direct a specific issue to be tried by a jury. The purpose of an issue out of Chancery is to satisfy the conscience of the Chancellor in a doubtful case. An issue is not directed merely because the evidence is contradictory. To justify it, complications in evidence must be great and its weight so nearly balanced that the Court is unable, or not without difficulty, to determine where the preponderance lies. The mere fact that the present charges of contempt arose out of a divorce case does not provide the basis for framing an issue out of Chancery.

Accordingly, I am of the opinion that the request for a jury trial should be denied; however, I am also satisfied that the penalties in the event of conviction are such that the criminal burden of proof applies, namely, beyond a reasonable doubt. Both charges will be tried together. Mrs. Cover will have the burden of going forward with the evidence on the basis of her affidavit against Mr. Bunn. Thereafter, Mr. Bunn will produce his evidence in support of his affidavit.